# IN THE COURT OF APPEALS OF IOWA

No. 23-0515
Filed April 10, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TRENTON ROBERT BREKKE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Amy M. Moore,

Judge.

Trenton Brekke appeals following his *Alford* pleas. **AFFIRMED**.

Leah Patton of Patton Legal Services, LLC, Ames, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

On Valentine's Day morning in 2022, Trenton Brekke confronted an ex-girlfriend at her home.  During the conflict, Brekke reached into a bag he was carrying, retrieved a bomb, placed it in his mouth, and threatened to use it to kill both of them.  Although the woman attempted to flee, Brekke caught her and dragged her back into her home.

In response, the State charged Brekke with multiple offenses.  Pursuant to a plea agreement, the State dismissed some charges, and Brekke entered *Alford* pleas to the rest.[1]  Brekke entered the pleas to domestic abuse assault while displaying a dangerous weapon, prohibited person in possession of an offensive weapon, possession of explosive or incendiary materials or devices with intent to commit a public offense, and possession of explosives without a license or permit.

At sentencing, the State argued for a prison sentence not to exceed fifteen years.  Brekke argued for suspended sentences.  The district court did not follow either recommendation.  Instead, it imposed prison terms on all four charges and ordered them to be served consecutively for an indeterminate term of incarceration not to exceed twenty-seven years.  The court also imposed the minimum fines on each charge and did not suspend them.

Brekke appeals.[2]  He contends the district court abused its discretion by imposing consecutive sentences despite the State's recommendation for a prison

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970) (permitting a criminal defendant to enter a guilty plea without admitting guilt by acknowledging strong evidence of guilt and voluntarily, knowingly, and understandingly agreeing to allow the court to consider such strong evidence of guilt in accepting the guilty plea).
[2] We have jurisdiction to hear Brekke's appeal despite his *Alford* pleas because he has established good cause by challenging his sentence rather than the pleas, the

sentence not to exceed fifteen years and by not suspending the fines. He also contends the court abused its discretion by modifying appeal bail conditions to cash only after originally permitting appeal bail to be posted by cash or surety. We address the issues in order.

## I.    Sentencing Discretion

Brekke does not claim that the court imposed a sentence outside statutory limits, so we review for an abuse of discretion. *State v. Martin*, 2 N.W.3d 271, 275 (Iowa 2024). When a sentence is within the statutory limits, we only find an abuse of discretion when the district court (1) fails to exercise its discretion or (2) considers inappropriate matters in determining the sentence. *State v. Pappas*, 337 N.W.2d 490, 494 (Iowa 1983). An abuse of discretion occurs when the sentencing decision is based on grounds that are clearly untenable or to an extent clearly unreasonable. *Damme*, 944 N.W.2d at 106.

Brekke contends the district court abused its discretion when it (1) did not follow the fifteen-year recommendation made by the State, (2) placed too much weight on aggravating factors instead of mitigating factors, (3) determined that Brekke lacked remorse, and (4) failed to give reasons for not suspending the fines. None of these contentions support finding an abuse of discretion.

---

sentence was not agreed upon, and the sentence was discretionary. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (finding good cause following a guilty plea when the challenge is to the sentence and the sentence is neither mandatory nor agreed to as part of a plea agreement); *State v. Phillips*, 996 N.W.2d 419, 421 (Iowa Ct. App. 2023) (applying the good-cause principles from *Damme* to *Alford* pleas); *see also State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022) (recognizing that "[a]n appellate court either has jurisdiction over a criminal appeal or it does not. Once a defendant crosses the good-cause threshold as to one ground for appeal, the court has jurisdiction over the appeal").

Brekke's plea was not conditioned on the court's agreement to be bound by a joint sentencing recommendation under Iowa Rule of Criminal Procedure 2.10. So the court had no obligation to follow the recommendations of either party. *See State v. Schlachter*, 884 N.W.2d 782, 786 (Iowa Ct. App. 2016) (noting that, if a defendant wants the court to be bound by the parties' sentencing recommendations, the defendant has the option of conditioning the court's acceptance of the plea on the court's willingness to be so bound under rule 2.10).

As for Brekke's contention that the court improperly weighed the aggravating and mitigating factors, we note that the court gave thorough and detailed explanations about the factors considered and how those impacted its sentencing decision. The weight a sentencing court gives individual sentencing factors is inherently discretionary, and we do not interfere with the sentencing decision in the absence of abuse of that discretion. *See State v. Wright*, 340 N.W.2d 590, 593 (Iowa 1983) ("The right of an individual judge to balance the relevant factors in determining an appropriate sentence inheres in the discretionary standard. Discretion encompasses a range of reasonable choices upon which individual judges may differ."). We find no abuse of discretion in how the court weighed the competing sentencing factors.

As for his contention that the court incorrectly concluded he lacked remorse, Brekke acknowledges that he spent much of his allocution "explaining his version of events," but he contends that does not show a lack of remorse. We disagree. We begin by noting that Brekke is not insulated from a finding of lack of remorse simply because he entered *Alford* pleas when he refused to take responsibility for his conduct. *See State v. Knight*, 701 N.W.2d 83, 89 (Iowa 2005) ("[T]he defendant

entering an *Alford* plea amidst claims of innocence is no different than a defendant found guilty amidst claims of innocence. The defendant's lack of remorse is a pertinent sentencing factor in both situations."). Our review of the record makes clear that Brekke lacked any remorse. In addition to his own statements of innocence, Brekke also called his mother as a witness at sentencing wherein she claimed the present charges, as well as his past convictions, all involved false allegations. Given Brekke's sentencing strategy of blaming others for his past and present conduct, we agree with the district court that Brekke lacked remorse, a pertinent sentencing factor.

Finally, as for Brekke's claim that the court did not give reasons for declining to suspend the fines, we find no abuse of discretion. As noted, the court gave detailed reasons for arriving at its sentencing decision, and that is enough. *See Wilbourn*, 974 N.W.2d at 67 ("District courts are required to 'state on the record its reason for selecting the particular sentence.' . . . 'The court need only explain its reasons for selecting the sentence imposed.'" (internal citations omitted)). The court was not obligated to explain why it rejected alternative sentencing options. *Id.*

After considering all of Brekke's challenges to the sentence, we conclude the district court did not abuse its discretion at sentencing.

## II. Appeal Bail Conditions

Next, Brekke contends the district court abused its discretion in modifying the appeal bail conditions after sentencing. The district court set appeal bail at $25,000 cash or surety at the time of sentencing on March 20, 2023 (confirmed by a written order filed March 21). On March 29, Brekke filed notice of appeal "from

the sentencing hearing March 20, 2023 and all matters related thereto." The court held a hearing on the State's motion to modify appeal bail conditions on April 3, and the court granted the motion and issued an order modifying appeal bail to $25,000 cash only on that date. Brekke did not file notice of appeal challenging that order.

Given the timeline of events, we lack jurisdiction to consider Brekke's bail claim. Brekke could challenge the original imposition of appeal bail conditions by his notice of appeal following entry of judgment. *See State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002) ("We recognize, as in this case, that the terms and conditions of bail are normally contained in a judgment and sentence entered prior to the filing of any appeal. Thus, a subsequent notice of appeal from such a judgment and sentence by the district court would permit a defendant to assert a challenge on appeal to the terms and conditions of bail set forth in the judgment."). But Brekke is not challenging the original appeal bail conditions. Instead, he is challenging the modified appeal bail conditions imposed after he filed his notice of appeal. That order is a separate final judgment that must be separately appealed. *See id.* ("[W]hen a court addresses the issue of bail following the entry of a judgment and sentence, any appeal from a ruling on the issue must be separately appealed. A defendant cannot rely upon the notice of appeal from the judgment and sentence of the district court."). As Brekke did not file a separate notice of appeal challenging the order modifying appeal bail conditions, Brekke's challenge to that order is not properly before us. *Id.*

In an effort to bypass *Formaro*, Brekke argues in his reply brief that he is entitled to relief because he received ineffective assistance of counsel due to his

attorney's failure to file a separate notice of appeal on this issue. We cannot consider this argument for two reasons. First, Iowa Code section 814.7 (2023) prohibits us from addressing ineffective-assistance-of-counsel claims on direct appeal. Second, we do not consider issues raised for the first time in a reply brief. *See State v. Basquin*, 970 N.W.2d 643, 659 n.5 (Iowa 2022) ("We have repeatedly held we will not consider issues raised for the first time in a reply brief." (quoting *State v. Carroll*, 767 N.W.2d 638, 644 (Iowa 2009))).

## III. Conclusion

The district court did not abuse its discretion in imposing Brekke's sentence. As Brekke did not appeal from the order modifying his appeal bail conditions, his challenge to that order is not properly before us. Accordingly, we affirm.

**AFFIRMED.**